**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH CHRISTIANA,**

                              **Plaintiff,**

                **v.**                                        **1:05-CV-932**
                                                               **(GLS)**

**COMMISSIONER OF SOCIAL SECURITY**
**ADMINISTRATION,**

                              **Defendant.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ERWIN, McCANE & DALY         THOMAS C. ERWIN, ESQ.
23 Elk Street
Albany, New York 12207

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY         WILLIAM H. PEASE
United States Attorney             Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

**DECISION AND ORDER**

## I. Introduction

Plaintiff Joseph F. Christiana alleges that back injuries, Bell's Palsy, morbid obesity, blindness of the right eye, and recurrent bronchitis have disabled him, and challenges the denial of benefits by the Commissioner of Social Security.  Having reviewed the administrative record, the court remands the Commissioner's decision for proper evaluation of Plaintiff's residual functional capacity.

## II. Procedural History

After Christiana filed for social security disability insurance ("SSDI") benefits in January 2003, his application was denied, and a hearing was conducted by Administrative Law Judge ("ALJ") Karl Alexander on May 3, 2004.  (Tr. at 40-43, 51-53, 201-30).[1]  In May 2004, the ALJ issued a decision denying benefits, which became the Commissioner's final determination when the Appeals Council denied review on June 22, 2005. (Tr. at 5-8, 22-31).

On July 26, 2005, Christiana brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination.

_____

[1] "(Tr.)" refers to the page of the Administrative Transcript in this case.

(Dkt. No. 1).  The Commissioner then filed an answer and a certified administrative transcript, Christiana filed a brief, and the Commissioner responded.  (Dkt. Nos. 5, 6, 7, 12).

### III.  Contentions

Christiana contends that the Commissioner's decision is not supported by substantial evidence.  He claims the ALJ improperly (1) determined that certain of his alleged impairments were not severe within the meaning of the regulations; (2) determined Plaintiff's residual functional capacity ("RFC"); (3) relied on vocational expert ("VE") testimony to find that Plaintiff was able to perform his past relevant work; and (4) evaluated Plaintiff's credibility.  *Pl.'s Br. Dkt. No. 7, at 5-10.*  The Commissioner counters that substantial evidence supports the ALJ's decision.  (Def.'s Br., Dkt. No. 12, at 14-22).

### IV.  Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations.  *See Pl.'s Br. at 3-5; Def.'s Br. at 2-6.*

### V.  Discussion

#### A.    Standard and Scope of Review

When reviewing the Commissioner's final decision under 42 U.S.C.

405(g),[2] the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted).  It does not determine *de novo* whether a claimant is disabled.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ, and that decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *See Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (citation omitted); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  "Failure to apply the correct legal standards is grounds for reversal."  *Pollard*, 377 F.3d at 189 (internal quotation marks and citation omitted).

A court's factual review of the Commissioner's decision is limited to the determination of whether substantial evidence in the record supports

---

[2]The section 405(g) standard of review in disability insurance proceedings under Title II of the Social Security Act also applies to supplemental security income proceedings under Title XVI of the Act.  *See* 42 U.S.C. § 1383(c)(3).  Similarly, the analysis of supplemental income claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to disability claims under Title II.  *See Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

the decision.  *See* 42 U.S.C. § 405(g); *see also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *See* 42 U.S.C. § 405(g); *Rutherford v. Schweiker*, 685 F.2d 60,

5

62 (2d Cir. 1982).

The court has the authority to affirm, reverse, or modify a final decision of the Commissioner with or without remand.  42 U.S.C. § 405(g); *Butts*, 388 F.3d at 385.  Remand is warranted where there are gaps in the record and further development of the evidence is needed, or where the ALJ has applied an improper legal standard.  *See Butts*, 388 F.3d at 385; *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (citation omitted).  By contrast, reversal and remand solely for calculation of benefits is appropriate when there is "persuasive proof of disability" and further development of the record would not serve any purpose.  *Rosa*, 168 F.3d at 83; *Parker*, 626 F.2d at 235; *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).  However, absent sufficient evidence of disability, delay alone is not a valid basis for remand

solely for calculation of benefits.  *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) (citation omitted).

### B.   Five-Step Disability Determination

A plaintiff seeking Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits is disabled if she can establish that she is unable "to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months ...."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)[3] (emphasis added).

The Commissioner uses a five-step process to evaluate SSDI and SSI claims.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, she is

_____

[3]In addition, a claimant's physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

not considered disabled.  However, if she is not engaged in SGA, Step Two

requires that the ALJ determine whether the claimant has a severe

impairment.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant is found

to suffer from a severe impairment, Step Three requires that the ALJ

determine whether the claimant's impairment meets or equals an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, §§

404.1520(d), 416.920(d).  The claimant is presumptively disabled if the

impairment meets or equals a listed impairment.  *See Ferraris*, 728 F.2d at

584.  If the claimant is not presumptively disabled, Step Four requires the

ALJ to consider whether the claimant's residual functional capacity (RFC)

precludes the performance of her past relevant work.  20 C.F.R. §§

404.1520(f), 416.920(f).  At Step Five, the ALJ determines whether the

claimant can do any other work.  20 C.F.R. §§ 404.1520(g), 416.920(g).

The claimant has the burden of showing that she cannot perform past

relevant work.  *Ferraris*, 728 F.2d at 584.  However, once she has met that

burden, the ALJ can deny benefits only by showing, with specific reference

to medical evidence, that she can perform some less demanding work.

*See White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir.

1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must

consider the claimant's RFC, age, education, past work experience, and
transferability of skills, to determine if she can perform other work existing
in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see New
York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

        In this case, the ALJ found that Christiana satisfied Step One
because he had not worked since the alleged onset date of disability,
November 21, 2001.  (Tr. at 26).  In Step Two, the ALJ determined that
Christiana suffered from chronic lumbar strain with mild degenerative
changes, an impairment that was "severe" under the regulations.  (Tr. at
27).  In Step Three, the ALJ determined that Plaintiffs impairment failed to
meet or equal an impairment or combination of impairments listed in
Appendix 1, Subpart P, Regulations No. 4.  (Tr. at 27).  In Step Four, the
ALJ determined that Christiana retained the RFC to perform a full range of
light work with a sit/stand option; Plaintiff was limited to walking only on
level surfaces; and Plaintiff could perform all postural movements on an
occasional basis with the exception of climbing ropes, scaffolds, or ladders.
(Tr. at 29).  Based on vocational expert testimony which he deemed
consistent with the Dictionary of Occupational Titles, the ALJ determined
that Plaintiff retained the RFC to perform her past work as a parking lot

attendant.  (Tr. at 30).  In Step Five, the ALJ found that even if Plaintiff

could not perform his past relevant work, he could perform other work

existing in significant numbers in the national economy.  (Tr. at 30).

Consequently, he found Christiana not disabled and denied benefits.  (Tr.

at 31).

### C.  <u>Analysis</u>

#### 1.  <u>*Severity of Plaintiff's Alleged Impairments*</u>

Plaintiff contends that the ALJ improperly evaluated the severity of

his alleged impairments.  *Pl.'s Br. at 5-6.*  Specifically, Plaintiff argues that

the ALJ erred in finding that Plaintiff's right-sided blindness, Bell's Palsy,

hypertension, history of recurrent bronchitis, and morbid obesity were not

severe impairments under the regulations.  *Id.*

"An impairment or combination of impairments is found 'not severe'

and a finding of 'not disabled' is made . . . when medical evidence

establishes only a slight abnormality or a combination of slight

abnormalities which would have no more than a minimal effect on an

individual's ability to work even if the individual's age, education, or work

experience were specifically considered."  *Gonzalez v. Chater*, 1996 WL

204512, *2 -3 (E.D.N.Y.,1996) (citing Social Security Ruling 85-28; *Bowen*

*v. Yuckert,* 482 U.S. 137, 154 n.12 (1987)).

The record contains intermittent references to Plaintiff's Bell's Palsy (paralysis of a part of the face), right sided blindness, and obesity.  (Tr. at 126, 130-31, 136, 138, 148).  Dr. Balagtas noted that Plaintiff's eye surgery had taken place in 1981 and that he had been functioning since that point with right sided blindness.  (Tr. at 130).  Although Plaintiff's obesity and Bell's Palsy are mentioned, there is no indication from any of the physicians that either of these conditions had an effect on Plaintiff's ability to perform work-related activities.  (Tr. at 126,136, 138).  None of the doctors expressed an opinion that Plaintiff's functional capacities were limited by his Bell's Palsy, right sided blindness, or obesity.[4]  Although the standard for finding a severe impairment is low, based on the record in this case, substantial evidence supports the ALJ's decision that Plaintiff's back condition was his only severe impairment.

2.   *Residual Functional Capacity*

Plaintiff argues that the ALJ improperly determined his residual

_____

[4] Regarding Plaintiff's obesity claim, the Court notes that "there is no obligation on an ALJ to single out a claimant's obesity for discussion in all cases."  *Cruz v. Barnhart*, 2006 WL 1228581, *9-10 (2d Cir. 2006).  This is especially true where, as here, there is no indication that the claimed obesity had any appreciable effect on a claimant's ability to do work.  *Id.*

11

functional capacity ("RFC").  *Pl.'s Br. at 8-9.*  In rendering a residual functional capacity (RFC) determination, the ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.  20 C.F.R. §§ 404.1545; 416.945.  *See Martone v. Apfel*, 70 F. Supp. 2d 145 (N.D.N.Y. 1999)(citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)).  An ALJ must specify the functions plaintiff is capable of performing, and may not simply make conclusory statements regarding a plaintiff's capacities.  *Verginio v. Apfel*, No. 97-CV-456, 1998 WL 743706, at *3 (N.D.N.Y. Oct. 23, 1998); *LaPorta*, 737 F. Supp. at 183.

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  SSR 96-8p, *Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, *1 (S.S.A. 1996); *see also Verginio v. Apfel*, 1998 WL 743706, *3 (N.D.N.Y Oct. 23, 1998); *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y 1990).

12

In this case, the ALJ found that Plaintiff could perform a full range of light work with a sit/stand option; Plaintiff was limited to walking only on level surfaces; and Plaintiff could perform all postural movements on an occasional basis with the exception of climbing ropes, scaffolds, or ladders. (Tr. at 30).  The ALJ thus made the conclusory finding that Plaintiff could perform light work, without first providing a function-by-function assessment of Plaintiff's capacities.  This failure to provide a function-by-function assessment was in contravention of SSR 96-8p as well as the applicable regulations.  See 20 C.F.R. § 404.1545.  It is noted that regardless of whether substantial evidence supported the ALJ's determination, where "reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed."  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  Thus, this case is remanded for proper evaluation of Plaintiff's RFC.

### 3. *Vocational Expert Testimony*

Plaintiff argues that the ALJ improperly determined that Plaintiff could perform past work as a parking lot attendant. *Pl.'s Br. at 9.*  Specifically, Plaintiff contends that the hypothetical question was improperly posed to the vocational expert ("VE").

13

The ALJ is entitled to rely on vocational expert evidence in deciding whether a plaintiff retains the capacity to perform other work which exists in significant numbers in the national economy.  20 C.F.R. § 404.1566(e).  It is well-established that elicitation of testimony from a vocational expert is a proper means of fulfilling the agency's burden at step five of the disability test to establish the existence of jobs in sufficient numbers in the national and regional economy that plaintiff is capable of performing.  *Bapp v. Bowen*, 802 F.2d 601, 604-05 (2d Cir. 1986); *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983); *Dwyer v. Apfel*, 23 F. Supp.2d 223, 229-30 (N.D.N.Y. 1998) (Hurd, M.J.) (*citing Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)); *see also* 20 C.F.R. §§ 404.1566, 416.966.  Use of hypothetical questions to develop the vocational expert's testimony is also permitted, provided that the question incorporates the full extent of a plaintiff's physical and mental limitations.  *Dumas*, 712 F.2d at 1553-54.  If the limitations set forth in the hypothetical are supported by substantial evidence, then the vocational expert's testimony may be relied upon by the ALJ in support of a finding of no disability.  *Id.*

In this case, the ALJ based his hypothetical question on his RFC finding, discussed above, that Plaintiff could perform a full range of light

14

work with a sit/stand option; Plaintiff was limited to walking only on level

surfaces; and Plaintiff could perform all postural movements on an

occasional basis with the exception of climbing ropes, scaffolds, or ladders.

 (Tr. at 30, 225).  Because this RFC finding was improper, it was improper

for the ALJ to incorporate it into his RFC finding, and thus the VE testimony

was not sufficient to support the ALJ's finding that Plaintiff could perform

past work as a parking lot attendant.  *Dumas*, 712 F.2d at 1553-54.  On

remand, any hypothetical questions posed to a VE and relied upon by the

ALJ should incorporate a thorough and proper RFC finding.

> ### 4.    *Credibility*

Christiana claims that the ALJ improperly evaluated his credibility.

*Pl.'s Br. at 6-8.*  The court recognizes the inherent difficulty in evaluating a

claimant's credibility without actual physical contact.  The ALJ is entitled to

evaluate a claimant's credibility and reach an independent judgment

regarding subjective symptoms in light of the objective medical evidence

and other evidence regarding the true extent of the alleged symptoms.

*See Mimms*, 750 F.2d at 185.  This makes the review of an ALJ's credibility

assessment particularly onerous and frequently results in significant

deference to the ALJ.

The ALJ must perform a two-step analysis.  *See* 20 C.F.R. §
404.1529; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, No. 6:01-CV-
0899 LEK/GJD, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003)
(citation omitted).  First, based upon the objective medical evidence, the
ALJ must determine whether the impairments "could reasonably be
expected to produce the pain or other symptoms alleged ...."  20 C.F.R. §§
404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644 at *10.
"Second, if the medical evidence alone establishes the existence of such
impairments, then the ALJ need only evaluate the intensity, persistence,
and limiting effects of a claimant's symptoms to determine the extent to
which it limits the claimant's capacity to work."  *Crouch*, 2003 WL
22145644 at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

Where the alleged symptoms suggest that the impairment is greater
than demonstrated by objective medical evidence, the ALJ will consider
other factors, such as daily activities, the location, duration, frequency and
intensity of symptoms, the type, effectiveness and side effects of
medication, and other treatment or measures to relieve those symptoms.
*See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p.  "The reasons
for the credibility finding must be grounded in the evidence and articulated

16

in the determination or decision."  SSR 96-7p.  Accordingly, "[a]n [ALJ] may

properly reject [subjective complaints] after weighing the objective medical

evidence in the record, the claimant's demeanor, and other indicia of

credibility, but must [do so explicitly and] set forth his or her reasons with

sufficient specificity to enable [the courts] to decide whether the

determination is supported by substantial evidence."  *Christiana v. Apfel*,

62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation

omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

In this case, the ALJ concluded that although the "record

establish[ed] a basis for a degree of pain and functional limitation

associated with the impairments[,] it fail[ed] to support the disabling degree

alleged by [Plaintiff]."  (Tr. at 28).  Thus, the ALJ found that Plaintiff was not

fully credible.  (Tr. at 29).  The ALJ noted that the objective medical

findings did not support a finding of debilitating limitations, as Plaintiff

alleged.  (Tr. at 28).  X-rays of Plaintiff's lumbar spine showed degenerative

changes which were consistent with Plaintiff's age and work experience,

and an MRI showed disc bulging, but no herniations.  (Tr. at 116, 126-27).

A bone scan was normal.  (Tr. at 118).  Physical examinations consistently

showed normal neurological findings, full ranges of motion, negative

17

straight leg raising tests, intact reflexes, normal gait and heel/toe walking, and full strength in the extremities.  (Tr. at 113, 124, 126-27, 131, 137-39, 142).  Plaintiff was able to dress independently, drive a car and a riding lawn mower, take out the trash, and cook.  (Tr. at 135, 146).

Based on the foregoing, the Court concludes that the ALJ had ample evidence on which to base his conclusion that Plaintiff's allegations were not fully credible.  The ALJ properly articulated his rationale, which is supported by substantial  evidence.  *See* SSR 96-7p.  Therefore, the ALJ properly evaluated Christiana's subjective complaints.

## VI.  Conclusion

After careful review of the entire record, and for the reasons stated, the Commissioner's decision is remanded for proper evaluation of Plaintiff's residual functional capacity.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision denying disability benefits is

**REVERSED and REMANDED** for proper evaluation of Plaintiff's residual functional capacity; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

Dated:      March 19, 2008

Gary L. Sharpe
U.S. District Judge